IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIGEL DWAYNE PARMS,** ) | **C.A. No. 11-324 Erie** |
|       Plaintiff, ) | |
| ) | **District Judge Bissoon** |
| v. ) | **Magistrate Judge Baxter** |
| ) | |
| **MICHAEL W. HARLOW, et al.,** ) | |
|       Defendants. ) | |

**MEMORANDUM ORDER**

On November 10, 2015, Plaintiff filed a motion for discovery under Rule 56(d) [ECF No. 65] in response to Defendants' pending motion for summary judgment [ECF No. 59]. A telephonic hearing on this motion was held before this Court on this date, during which counsel for both parties appeared and presented their arguments. Because of the somewhat convoluted procedural history of this case, a brief summary of the relevant proceedings is necessary to place Plaintiff's motion in the proper context.

Plaintiff initiated this action by the filing of a *pro se* complaint on December 30, 2011. In response, Defendants' filed a partial motion to dismiss, which was ultimately granted in part by Memorandum Order of then-District Judge Sean J. McLaughlin, dated October 2, 2012. [ECF No. 28]. Plaintiff filed a *pro se* interlocutory Notice of Appeal of Judge McLaughlin's Order on June 28, 2013. [ECF No. 38]. Defendants subsequently filed a motion for summary judgment on July 24, 2013 [ECF No. 42]; however, due to Plaintiff's pending appeal, District Judge Cathy Bissoon entered an Order on September 5, 2013, denying Defendants' motion for summary judgment without prejudice to their right to refile said motion upon resolution of Plaintiff's appeal. Nonetheless, this case was purposely left open and was not stayed during the appeal.

Thus, the parties were free to continue prosecuting this action.

On September 13, 2013, Plaintiff filed a document entitled "Civil Action," which was docketed as such by the Clerk of Courts. [ECF No. 49]. This document did not include any of the original claims or Defendants named in the original complaint, but purported to state allegations only against three individuals who were not previously named as Defendants in this case: Miss Overton, Ms. Melinda Adams, and Ms. Christine Zirkle. These individuals were never added as Defendants in this case, nor did Plaintiff make any effort to serve these individuals, despite the fact that this case was never stayed. Thus, not only was this document an improper amendment of the original complaint, but proper service was never effectuated on the newly-named "defendants."

Due to a clerical error in the Third Circuit, this Court was not notified of the disposition of Plaintiff's interlocutory appeal until the Third Circuit Court's Order dismissing the appeal was filed on September 29, 2015, even though Plaintiff's appeal was actually dismissed on October 18, 2013. [ECF No. 53]. Upon receipt of the Third Circuit's Order, this Court entered an Order granting Defendants the right to refile their motion for summary judgment, which they did on October 16, 2015. [ECF No. 59]. Defendants' motion addresses only the claims and allegations of Plaintiff's original *pro se* complaint [ECF No. 7].

During the telephonic hearing held on this date with regard to Plaintiff's motion to allow discovery [ECF No. 65], Plaintiff's counsel made clear that further deposition testimony is deemed necessary with regard to the additional claims raised in Plaintiff's purported amended complaint, which was filed on September 13, 2013. [ECF No. 49]. As noted, however, this document was never recognized as an amended complaint, the individuals named in the document were never added as Defendants in this case, and, most importantly, the individuals

were never served by Plaintiff. If this Court were to construe the document filed on September 13, 2013, as an amended complaint, Plaintiff's original complaint would be deemed superseded, and Plaintiff would be left with, essentially, a new action against new Defendants who would have to be served and obtain representation in this matter. This is not something the Court is inclined to do at this late stage of the proceeding. As a result, further discovery is not necessary here.

    AND NOW, this 17th day of December, 2015;

    IT IS HEREBY ORDERED that Plaintiff's motion to allow discovery under Rule 56(d) [ECF No. 65], is DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge