IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIGEL DWAYNE PARMS, | ) | |
| **Plaintiff** | ) | **C.A. No. 11-324 Erie** |
| | ) | |
| v. | ) | |
| | ) | **District Judge Bissoon** |
| MICHAEL W. HARLOW, et al., | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 59] be granted, and that judgment be granted in favor of Defendants and against Plaintiff on all remaining claims in this case.

### II.    REPORT

#### A.    Relevant Procedural History

On December 30, 2011, Plaintiff Nigel Dwayne Parms, a former inmate who, at all relevant times hereto, was incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[1], filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are:  Michael W. Harlow, Superintendent at SCI-Albion ("Harlow"); Mrs. P. McKissock, Hearing Examiner at SCI-Albion ("McKissock"); Mr. Heckle Harold, Principal at SCI-Albion ("Harold"); Ms. Mary Larson, Education Counselor at SCI-Albion ("Larson"); Ms. Giles, Inmate Employment at SCI-Albion ("Giles"); Mr. Bentley, Unit Manager at SCI-Albion ("Bentley"); Timothy I. Mark ("Mark"), Chief Hearing Examiner at the Pennsylvania

---

1

Plaintiff's last known place of residence is in McKeesport, Pennsylvania. [ECF No. 51].

Department of Corrections ("DOC"); and Mr. John E. Wetzel, Secretary of the DOC ("Wetzel").

In his complaint, Plaintiff raises claims under Titles I and II of the American with Disabilities Act ("ADA"), as well as the eighth and fourteenth amendments to the United States Constitution. On April 3, 2012, Defendants filed a partial motion to dismiss complaint [ECF No. 20] arguing that Plaintiff failed to state a claim upon which relief may be granted, except for his ADA claim for prospective injunctive relief. By Report and Recommendation ("R&R") dated September 11, 2012 [ECF No. 27], this Court recommended that Defendants' motion be granted, in part, and that all of Plaintiff's claims be dismissed, except for his ADA claim seeking prospective injunctive relief, and his Eighth Amendment claim of deliberate indifference to serious medical needs arising from Defendants' alleged failure to provide him medical treatment on November 29 and 30, 2011. This R&R was adopted by former District Judge Sean McLaughlin by Memorandum Order dated October 2, 2012. [ECF No. 28].

Plaintiff subsequently filed a Notice of Appeal from Judge McLaughlin's Order with the Third Circuit Court of Appeals, and this case was effectively stayed pending the Circuit Court's disposition of the appeal. The Third Circuit Court dismissed Plaintiff's appeal for lack of jurisdiction on October 18, 2013; however, due to a clerical error, the dismissal Order was not docketed with this Court until September 29, 2015.

On October 16, 2015, Defendants filed a motion for summary judgment, arguing that Plaintiff's ADA claim for prospective injunctive relief is moot because Plaintiff was released from DOC custody on July 2, 2012, and that Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment deliberate indifference claim. [ECF No. 59]. Despite having been granted ample time to do so, Plaintiff has failed to file a response in opposition to Defendants' motion. This matter is now ripe for consideration.

**B.**     **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to

3

support the nonmoving party's case." Id. After the moving party has satisfied this low burden,

the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid

summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be

opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere

pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001);

Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal

Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare

assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw

reasonable inferences in the light most favorable to the party opposing the summary judgment

motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations

omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying

this standard, the court must examine the factual record and make reasonable inferences

therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh

the evidence or to make credibility determinations, but is limited to deciding whether there are

any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477

U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted.").  In determining whether the dispute is genuine,

the court's function is not to weigh the evidence or to determine the truth of the matter, but only

to determine whether the evidence of record is such that a reasonable jury could return a verdict

for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### C.    Discussion

#### 1.    ADA Claim for Prospective Injunctive Relief

Plaintiff seeks prospective injunctive relief in the form of an order requiring SCI-Albion to either hire a certified interpreter or provide training for staff or inmates to act as interpreters. In response, Defendants have submitted the Declaration of Melinda Adams, Superintendent's Assistant at SCI-Albion, who declares that Plaintiff completed his maximum sentence and was released from DOC custody on July 2, 2012. (ECF No. 62-1, Declaration of Melinda Adams, at

¶ 2). It is axiomatic that that an inmate's transfer or release from a correctional facility moots his claims for injunctive and declaratory relief against that facility. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003); Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). Thus, summary judgment should be entered in favor of Defendants and against Plaintiff on this claim.

#### 2.    Eighth Amendment Deliberate Indifference Claim

Plaintiff claims that his Eighth Amendment rights were violated when he was allegedly denied medical treatment due to his hearing disability. In particular, Plaintiff alleges that on November 29 and 30, 2011, he went to SCI-Albion's medical department, but did not receive medical assistance because there was no interpreter available to allow him to "effectively communicate with the nurse." Defendants assert that Plaintiff failed to exhaust his administrative remedies with regard to this claim and, thus, summary judgment should be entered in their favor.

5

### a.      The Exhaustion Requirement

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted.

Id. (emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

exhaustion").[3]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### b. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries

---

3

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

of proper exhaustion." <u>Jones v. Bock</u>, 549 U.S. at 218.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. <u>See</u> <u>Booth v. Churner</u>, 206 F.3d 289, 293 n.2 (3d Cir. 1997), <u>aff'd</u>. 532 U.S. 731 (2001).

<u>c.</u>      <u>Analysis</u>

In support of their argument that Plaintiff has failed to exhaust his administrative remedies, Defendants once again rely on the Declaration of Melinda Adams, who declares

> I have reviewed Inmate Parms' grievance history at SCI-Albion. He did not file a grievance about medical care (or being turned away or denied care) on 11/26/11 or 11/30/11.

(ECF No. 62-1, Declaration of Melinda Adams, at ¶ 3).

This declaration is unopposed by Plaintiff and is not contradicted by any evidence of record. Thus, summary judgment should be entered in favor of Defendants and against Plaintiff on his Eighth Amendment deliberate indifference claim.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [ECF No. 59] be granted, and that judgment be granted in favor of

Defendants and against Plaintiff on all remaining claims in this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   April 1, 2016

cc:     The Honorable Cathy Bissoon
        United States District Judge